# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00162-DSC

| | |
|---|---|
| GARY OSTOYIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| HOWARD ANDREW BUCHANAN et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiff's Claims" (document # 21) as well as the parties' briefs and exhibits.

The Court has carefully reviewed the authorities, record and arguments. For the reasons stated below, the Court <u>grants</u> Defendants' Motion to Dismiss Plaintiff's RICO and civil conspiracy claims and <u>denies</u> the Motion in all other respects.

<u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of

Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

RICO Claim

To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima v. Imrex Co., 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" is defined as at least two acts of racketeering, typically referred to as predicate acts. See 18 U.S.C. § 1961(5). To plead a conspiracy violation under § 1962(d), a plaintiff must allege that "each defendant agreed that another co-conspirator would commit two or more acts of racketeering." Walters v. McMahen, 795 F. Supp. 2d 350, 355 (D. Md. 2011), aff'd in relevant part, 684 F.3d 435 (4th Cir. 2012). Where a RICO claim is based upon predicate acts of wire fraud, the plaintiff "must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." CS Tech., Inc. v. Horizon River Techs., LLC, No. 318CV00273RJCDSC, 2020 WL 881266, at *3 (W.D.N.C. Feb. 21, 2020) (citing Williams v. Equity Holding Corp., 245 F.R.D. 240, 243 (E.D. Va. 2007)). "[A]bsent some factual enhancement, allegations such as 'defendants agreed, cooperated and conspired with one another to commit the fraudulent transfers,' or that [the defendants] 'joined in a scheme such that they also acquired and maintained an interest in the enterprise through a pattern of racketeering activity,' are insufficient to satisfy Twombly,

not to mention Rule 9(b)'s particularity requirement." TM, LLC v. Anderson, No. 2:11-cv-71-FL, 2012 WL 4483180 (E.D.N.C. Sept. 27, 2012) (internal citations omitted).

Plaintiff has failed to establish a pattern of racketeering activity by Defendants. Rather, he alleges that Defendants enticed him to join a single business enterprise while intending to defraud him. Accordingly, the Court grants Defendants' Motion to Dismiss the RICO claim.

### Civil Conspiracy

In North Carolina, "[t]here is no independent cause of action for civil conspiracy." Toomer v. Garrett, 574 S.E.2d 76, 92 (N.C. App. 2002). However, if a plaintiff can establish the existence of a civil conspiracy, all of the conspirators will be jointly and severally liable for the act of any co-conspirator undertaken in furtherance of the conspiracy. Spirax Sarco, Inc. v. SSI Eng'g, Inc., No. 5:14-CV-519-F, 2015 WL 4723609, at *7 (E.D.N.C. Aug. 10, 2015) (quoting Jackson v. Blue Dolphin Commc'ns of N. Carolina, L.L.C., 226 F.Supp.2d 785, 791 (W.D.N.C. 2002)). The plaintiff must allege: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." Piraino Bros., LLC v. Atlantic Fin. Grp., Inc., 712 S.E.2d 328, 333 (N.C. App. 2011). To the extent that Plaintiff asserts civil conspiracy as a separate claim rather than as a basis for holding Defendants jointly and severally liable, the Motion is granted.

### Remaining Claims

For the reasons stated in Plaintiff's brief, Defendants' Motion to Dismiss is denied as to all other claims.

**NOW THEREFORE IT HEREBY ORDERED that:**

1. "Defendants' Motion to Dismiss Plaintiff's Claims" (document # 21) is **GRANTED IN PART** and **DENIED IN PART**; that is, **GRANTED** as to Plaintiff's RICO and civil conspiracy claims and **DENIED** in all other respects.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: October 26, 2020

David S. Cayer
United States Magistrate Judge